Mark Brnovich
Attorney General

Michelle C. Lombino (Bar No. 016252)
Zachary Howard (Bar No. 035168)
Assistant Attorneys General
2005 North Central Avenue
Phoenix, Arizona 85004-1592
Telephone: (602) 542-1610
Fax: (602) 542-7670
E-mail:  michelle.lombino@azag.gov
         zachary.howard@azag.gov

*Attorneys for Defendants Herman, Stickley, Miser and Ryan*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Keith Preston Nance,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Kenneth Herman, et al.,<br><br>　　　　　Defendant. | No. CV 19-01878-PHX-JJT (CDB)<br><br>**DEFENDANTS MISER AND RYAN'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendants Allen Miser and Charles Ryan pursuant to Court Order (Doc. 8), answer Plaintiff's First Amended Complaint as follows:

**A.　　JURISDICTION**

1. Answering Paragraph 1, Defendants admit that the Court has jurisdiction over Plaintiff's federal claims under 42 U.S.C. § 1983.

2. Answering Paragraph 2, Defendants admit that during the relevant times, Plaintiff was confined in the Arizona State Prison System ("ASPC"), and deny that they violated Plaintiff's constitutional or any other legal rights anywhere or at any time.

**B.　　DEFENDANTS**

3. Answering Paragraphs 2 and 4, Defendants deny that Charles Ryan is currently employed by the Arizona and admit that during the relevant time, they were employed by the Arizona Department of Corrections ("ADC") in the capacities alleged.

### C.  PREVIOUS LAWSUITS

4. Answering Paragraphs 1, Defendants admit that Plaintiff has filed other lawsuits against them while he was a prisoner.

5. Answering Paragraph 2, admit that in 2012, Plaintiff brought a civil action against Defendant Miser and others in the United States District Court for the District of Arizona under case number 2:12CV00734, which is pending; and are without sufficient information and/or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 2 and, therefore, deny them.

### D.  CAUSE OF ACTION
### COUNT I
### (First Amendment Free Exercise of Religion)

6. Answering Paragraphs 1 and 2, Defendants deny that they violated any of Plaintiff's constitutional or other federal rights including, but not limited to, Plaintiff's First Amendment rights.

7. Answering Paragraphs 3 and 3.1, Defendants admit that:

- Plaintiff is an inmate held in South Unit, Arizona Department of Corrections;

- From June 2012 to date, Defendant Miser has served as a Senior Chaplain and volunteer coordinator at ASPC-Florence where his duties include supervising other chaplains within the institution, creating and managing all religious programs at ASPC-Florence, and serving as a contact for outside religious organizations;

- Defendant Ryan is the former Director of the Arizona Department of Corrections

and are without sufficient information and/or knowledge to form a belief as to truth of the remaining allegations in those paragraphs and, therefore deny them.

8. Answering Paragraphs 3.2 through 3.6, Defendants are without sufficient knowledge and/or knowledge to form a belief as to the truth of the allegations contained therein and, therefore, deny them.

2

9. Answering Paragraph 3.7, Defendants admit that Plaintiff signed and submitted inmate letters addressed to Defendant Miser and Defendant Herman, dated January 8, 2019, which provide in pertinent part that: "I'm Requesting Approval to have a family member Daughter, or Father, donate a bag of dates (60) sixty in total through the U.S. Postal Service," and are without sufficient information and/or knowledge to form a belief as to truth of the remaining allegations in that paragraph and, therefore deny them.

10. Answering Paragraph 3.8, Defendants admit that Defendant Miser signed an inmate letter response dated January 17, 2019 which states in part: "No inmate is authorized to receive donated meals for their consumption. You may have your family give you enough money to pay off your encumbrance so you can order dates according to the policy."

11. Answering Paragraph 3.9, Defendants admit that Corrections Officer III Wood signed an Informal Inmate Complaint Response dated February 5, 2019 which states in part: "I spoke with Senior Chaplain Miser and he has denied your request because although dates are a traditional food consumed during Ramadan they are not a required food. Therefore DOC does not have to provide access to such an item," and deny any remaining allegations in that paragraph.

12. Answering Paragraph 3.10, Defendants are without sufficient information and/or knowledge to form a belief as to the truth of the allegations contained therein and, therefore, deny them.

13. Answering Paragraph 3.11, Defendants admit that Defendant Stickley signed an Inmate Grievance Response in case # A02-015-019, dated February 12, 2019 which states in part:

> The Chaplain's office has not burdened your right to exercise your religious beliefs. Department policy prohibits the donation of food items to all inmates not just a specific religious group. Your claims that Chaplain Miser or Senior Chaplain Herman discriminated against you or any other religious groups are unfounded. Your proposed resolution to have donated food items sent to you is denied and I consider the issue resolved;

3

and deny any remaining allegations in that paragraph.

14. Answering Paragraphs 3.12 and 3.13, Defendants are without sufficient information and/or knowledge to form a belief as to the truth of the allegations contained therein and, therefore, deny them.

15. Answering Paragraph 3.14, Defendants are without sufficient information and/or knowledge to form a belief as to the truth of the allegations contained therein and, therefore, deny them.

16. Answering Paragraph 3.15, Defendants admit that Defendant Ryan signed an Inmate Grievance Appeal Response in case # A0-215-019, dated April 15, 2019, which states that:

> In your grievance filed at South Unit, you claim you are being denied donated food to observe religious holiday's [sic]. Your resolution is to be allowed to receive donated dates and be treated fairly as other religious groups.
>
> Your grievance has been reviewed at Central Office and the Deputy Warden's response is affirmed. Chaplain Herman, ADC's Pastoral Activities Administrator, reviewed your grievance and provides the following response:
>
> In Inmate Grievance #A02-122-017, you were informed food items delivered for the Jewish observance of Passover are symbolic representations, what is delivered is not a meal. No religious group is authorized to have meals provided from an outside agency. There has been no change in this matter.
>
> You are still able to purchase for your personal use Dates for Ramadan from an approved source. The process to purchase Dates has not changed. As of 03/25/2019, you were employed as a Recreation Aide receiving income enabling you to purchase Dates. You are able to practice your religion within the guidelines of the Department as are other religions.
>
> Notwithstanding what you contend is the sincerity of your religious beliefs, and assuming for the purposes of this grievance that your religious beliefs are sincerely held, in reviewing the documentation, the Department has determined that the current process is appropriate and does not constitute an unreasonable burden on your exercise of your version of your religion
>
> No further action is warranted in this matter;

and deny any remaining allegations in that paragraph.

17. Answering Paragraph 3.16, Defendants are without sufficient knowledge and/or knowledge to form a belief as to the truth of the allegations contained therein and, therefore, deny them.

18. Answering Paragraph 3.17, Defendants admit Plaintiff signed and submitted inmate letters to Defendant Miser, dated May 4, 2019, which stated in part:

> On April 19, 2019 Senior Chaplain Allen Miser you informed me of a change in policy regarding my request for donated Dates in observance of Ramadan 2019. Sir, I request to know if the policy change has been approved by Pastoral Administrator Kenneth Herman, Director Charles L. Ryan, and when will ADC officially notify inmates of the change in compliance with Department Order 101 Inmate Notification policy?
>
> In a final grievance response from Director Charles L. Ryan it informs me that the decision of Deputy Warden Lori Stickley is affirmed. Deputy Warden Stickley decision was denial of Dates in observance of Ramadan 2019.
>
> I await your response by way of inmate letter response form as stated in Department Order 916 Inmate and Staff Communication;

and deny the remaining allegations in that paragraph.

19. Answering Paragraph 3.18, Defendants admit Defendant Miser signed an Inmate Letter Response, dated May 13, 2019, which states in part:

> Concerning your request to know who approved Muslim inmates to receive donated Dates:
>
> First of All there was not a change in policy. It was a change in polity. Deputy Warden Stickley's decision was made before the change was made. Central Office made the decision to change the way inmate's can receive dates for Ramadan;

and deny any remaining allegations in the paragraph.

20. Answering Paragraph 3.19, Defendants admit Defendant Miser signed an Inmate Letter Response, dated May 13, 2019, which states in part: "Concerning your request to receive a donated Halal meal at the end of Ramadan: Chaplain Herman's response to you concerning this issue on 4/19/2018 still stands. No food items may be

5

donated for inmate consumption. Food items donated to inmates are for ceremonial observance not for sustenance," and deny any remaining allegations in that paragraph.

21. Answering Paragraph 3.20, Defendants are without sufficient knowledge and/or knowledge to form a belief as to the truth of the allegations contained therein and, therefore, deny them.

22. Answering Paragraph 3.21, Defendants deny the allegations in that paragraph.

23. Answering Paragraph 3.22, Defendants deny the allegations in that paragraph.

24. Answering Paragraph 3.23, Defendants admit that inmates retain free exercise rights which are limited by the fact of incarceration, and which may be curtailed to achieve legitimate correctional goals or to maintain prison security, and deny the remaining allegations in that paragraph.

25. Answering Paragraph 3.24, Defendants are without sufficient information and/or knowledge to form a belief as to the truth of the allegations contained therein and, therefore, deny them.

26. Answering Paragraph 3.25, Defendants are without sufficient information and/or knowledge to form a belief as to the truth of the allegations contained therein and, therefore, deny them.

27. Answering Paragraph 3.26, Defendants are without sufficient information and/or knowledge to form a belief as to the truth of the allegations contained therein and, therefore, deny them.

28. Answering Paragraph 3.27, Defendants admit that a prison rule that burdens fundamental rights is constitutional if it is reasonably related to legitimate penological objectives, and are without sufficient information and/or knowledge to form a belief as to the truth of the remaining allegations in that paragraph, and therefore, deny them.

29. Answering Paragraph 4, Defendants deny the allegations in that paragraph.

30. Answering Paragraph 5, Defendants admit that administrative remedies are available at ADC and deny the remaining allegations in that paragraph.

## E.  COUNT II

### (Fourteenth Amendment Equal Protection)

31. Answering Paragraph 1 and 2, Defendants deny that they violated any of Plaintiff's constitutional or other federal rights including, but not limited to, Plaintiff's equal protection rights under the Fourteenth Amendment of the U.S. Constitution.

32. Answering Paragraphs 3 and 3.1, Defendants admit that Plaintiff alleges claims against them both individually and in their official capacities, deny that they discriminated against Plaintiff or otherwise violated any of his constitutional or other federal rights, and are without sufficient information and/or knowledge to form a belief as to the truth of the remaining allegations contained in that paragraph and, therefore, deny them.

33. Answering Paragraph 3.2, Defendants are without sufficient information and/or knowledge to form a belief as to the truth of the allegations contained therein and, therefore, deny them.

34. Answering Paragraph 3.3, Defendants are without sufficient information and/or knowledge to form a belief as to the truth of the allegations contained therein and therefore, deny them.

35. Answering Paragraph 3.4, Defendants admit that Plaintiff signed and submitted an Inmate letter, dated January 2, 2018, which stated in part:

> I received a response from Kenneth Herman, pastorial [sic] administrator, informing me "Senior Chaplain Miser is abundantly capable of answering any questions which you or any inmate at Florence-Complex may have related to religious accommodations.
> Sir, I'm readdressing my request to have a halal diet provide [sic] me on Id-Ul-Fitr, Ramadan's end, and Id-uf- Aola for 2018.
>
> We can have meals accommodated in cooperation with the Islamic RAC member Victoria Trull and the Islamic centers of Tempe and Tuscon.

> As you know, Inmates are accommodated food visits and have and continue to purchase foods from outside vendors through Fund Raisers

and deny the remaining allegations in that paragraph.

36. Answering Paragraph 3.5, Defendants admit that Defendant Miser signed an Inmate Letter Response, dated January 8, 2018, which stated in part:

> Concerning your request to have a halal diet provided for you for id-ul-fitr and Id-at-Aola:
>
> Chaplaincy does not allow donated food items for religious holidays but will schedule a service time in conjunction with your regular meal. You are not approved for a religious diet at this time. However, if you would like a religious diet for special holidays you may request one from your unit chaplain

and deny any remaining allegations in the paragraph.

37. Answering Paragraph 3.6, Defendants deny that Defendant Stickley completed, signed or reviewed a grievance response dated March 1, 2018, admit that a grievance response dated March 1, 2018 in case A02010018 states in part: "I have obtained the letter response from Kenneth Herman, Pastoral Administrator. The individual purchase of meals from an outside vendor is not authorized for any religious group. I would encourage you to participate in the food visit activities regarding the consumption of a particular meal," and deny any remaining allegations in that paragraph.

38. Answering Paragraph 3.7, Defendants deny the allegations in that paragraph.

39. Answering Paragraph 3.8, Defendants are without sufficient information and/or knowledge to form a belief as to the truth of the allegations contained therein and, therefore, deny them.

40. Answering Paragraph 3.9, Defendants admit that inmate fundraising events occur under procedures established in Department Order 924 to provide a way for inmates to make reparations and give back to the communities affected by their crimes, and are without sufficient information and/or knowledge to form a belief as to the truth of the remaining allegations contained in that paragraph and, therefore, deny them.

41. Answering Paragraph 3.10, Defendants admit that Plaintiff signed and submitted inmate letters to Defendant Miser and Defendant Herman, dated January 8, 2019 stating in part: "I'm Requesting Approval to have a family member Daughter, or Father, done [sic] a bag of dates (60) sixty in total through the U.S. Postal Service", and deny any remaining allegations in that paragraph.

42. Answering Paragraph 3.11, Defendants admit that Defendant Miser signed an inmate letter response dated January 17, 2019 which states in part: "No inmate is authorized to receive donated meals for their consumption. You may have your family give you enough money to pay off your encumbrance so you can order dates according to the policy," and deny any remaining allegations in the paragraph.

43. Answering Paragraph 3.12, Defendants admit that Defendant Stickley signed Inmate Grievance Response in case # A02-015-019, dated February 12, 2019 which states in part:

> The Chaplain's office has not burdened your right to exercise your religious beliefs. Department policy prohibits the donation of food items to all inmates not just a specific religious group. Your claims that Chaplain Miser or Senior Chaplain Hermann discriminated against you or any other religious groups are unfounded.
>
> Your proposed resolution to have donated food items sent to you is denied and I consider the issue resolved

and deny any remaining allegations in this paragraph.

44. Answering Paragraph 3.13, Defendants deny the allegations in that paragraph.

45. Answering Paragraph 3.14, Defendants admit that Department Order 904 does not specifically mention either Ramadan or dates, and deny the remaining allegations in that paragraph.

46. Answering Paragraph 3.15, Defendants deny the allegations in that paragraph.

47. Answering Paragraph 3.16, Defendants deny the allegations in that paragraph.

48. Answering Paragraph 3.17, Defendants deny the allegations in that paragraph.

49. Answering Paragraph 3.18, are without sufficient information and/or knowledge to form a belief as to the truth of the allegations contained therein and, therefore, deny them.

50. Answering Paragraph 3.19, Defendants deny the allegations in that paragraph.

51. Answering Paragraph 3.20, Defendants deny the allegations in that paragraph.

52. Answering Paragraph 3.21, Defendants deny the allegations in that paragraph.

53. Answering Paragraph 4, Defendants deny the allegations in that paragraph.

54. Answering Paragraph 5, Defendants admit that administrative remedies are available at ADC and deny the remaining allegations in that paragraph.

## 1. DENIALS AND AFFIRMATIVE DEFENSES

55. Defendants deny each and every allegation of Plaintiff's First Amended Complaint that is not specifically admitted herein.

56. Defendants deny all allegations of wrongdoing set forth in the First Amended Complaint, as well as any other allegations of wrongdoing which may be inferred from the contents of all portions of the Third Amended Complaint.

57. Defendants deny each and every allegation not expressly admitted.

58. Defendants demand a jury trial.

59. Defendants further assert and allege the following, some of which are affirmative defenses:

    a. Failure to state a claim upon which relief can be granted;

    b. Plaintiff failed to properly exhaust prison administrative remedies as are available; and therefore, his claims are barred by 42 U.S.C. § 1997e(a)

      whether denominated as an affirmative defense, subject matter jurisdiction, quasi-jurisdictional, abatement or a condition precedent;

c. At all times relevant to Plaintiff's Complaint, Defendants did not violate any statutory or constitutional right of Plaintiff that was clearly established of which a reasonable prison official or officer would have known, hereby affirmatively raising the defense of qualified immunity;

d. Defendants affirmatively raise the defense of Eleventh Amendment Immunity;

e. At all times alleged, Defendants acted reasonably and professionally and pursuant to legitimate penological interests and in compliance with all constitutional provisions;

f. Plaintiff's Complaint fails, as a matter of law, to allege sufficient affirmative involvement of Defendants;

g. Plaintiff is not entitled to receive punitive damages because he cannot show evil intent or motive;

h. The theory of *respondeat superior* is insufficient to support Plaintiff's Complaint;

i. Any alleged injury to Plaintiff was due to his own intentional misconduct or negligence and not due to any misconduct or failings on the part of Defendants;

j. Failure to allege the requisite injury to support mental or emotional distress damages as required under 42 U.S.C. § 1997e(e);

k. If Plaintiff owes restitution to the victims of his crime(s), any monetary award made to Plaintiff is subject to set-off pursuant to the PLRA §§ 807 & 808;

l. Failure to mitigate damages;

m. Statute of Limitations;

n. Plaintiff lacks standing to bring his claims;

    o. Any other affirmative defenses recognized or authorized under Rule 8(c) Fed. R. Civ. P., and any and all privileges, defenses, and immunities, under statute and common law which may be found applicable during the course of discovery;

WHEREFORE, Defendants requests the following relief:

1. Dismissal of Plaintiff's Complaint, with prejudice, and that Plaintiff take nothing thereby.
2. Judgment in favor of the Defendants and against Plaintiff.
3. That Defendants be awarded their costs and reasonable attorneys' fees incurred
4. Such other and further relief the Court deems just and proper.

RESPECTFULLY SUBMITTED this 24th day of September, 2019.

        Mark Brnovich
        Attorney General

        s/Michelle C. Lombino
        Michelle C. Lombino
        Zachary S. Howard
        Assistant Attorney General
        *Attorneys for Defendants Herman, Miser, Stickley and Ryan*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2019, I electronically transmitted the attached document to the Clerk of the Court using the ECF System.

This document and the Notice of Electronic Filing were served by mail on September 24, 2019 to the following, who is not a registered participant of the CM/ECF System:

Keith Preston Nance, ADC # 168108
South Unit, Florence Complex, Florence
P.O Box 8400
Florence, AZ 85132

s/   J. Navarro
Secretary to Michelle C. Lombino

8220436

13